**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ROBERT ROBERTS, | : | **Hon. Noel L. Hillman** |
|  | : |  |
| Plaintiff, | : | Civil No. 12-2318 (NLH) |
|  | : |  |
| v. | : |  |
|  | : |  |
| DONNA ZICKEFOOSE, | : | **OPINION** |
|  | : |  |
| Defendants. | : |  |

**APPEARANCES:**

> ROBERT ROBERTS, #38701-060
> FCI Fort Dix
> P.O. 2000
> Fairton, NJ 08640
> Petitioner Pro Se

**HILLMAN, District Judge**:

Robert Roberts, a federal prisoner confined at FCI Fort Dix, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed in 2003 by the United States District Court for the Northern District of Ohio.  Having thoroughly reviewed the Petition, as well as the docket in the underlying criminal proceeding, this Court will summarily dismiss the Petition for lack of jurisdiction.

### I.  BACKGROUND

Petitioner challenges his incarceration pursuant to a 240-month term of imprisonment imposed after a jury found him guilty

of drug trafficking-related offenses.  See United States v. Roberts, 198 Fed. App'x 501 (6th Cir. 2006).  The Sixth Circuit affirmed.  Id.

   Roberts, who is now confined at FCI Fort Dix in New Jersey, filed a form § 2241 petition, accompanied by a memorandum of law, on April 15, 2012.  He challenges his conviction and sentence on the following grounds:  (1) "Whether the Warden lacks legislation, territorial, and subject matter jurisdiction over Roberts commitment, where his commitment was executed without the support of any F.B.I. agency law enforcement records;" (2) "Whether the Warden is holding Roberts in illegal detention without the support of a true bill indictment, which shows that his commitment is in violation of his right to the Fifth Amendment of the U.S. Constitution;" (3) "Whether the Warden is holding Roberts in illegal detention without the support of any grand jury charges, which shows that his commitment is in violation of his right to the Sixth Amendment of the U.S. Constitution;" (4) "Whether the Warden is holding Roberts in illegal detention pursuant to an act, order, process, judgment or decree of a court or judge of the United States."  (Dkt. 1 at 12, 13, 15, 17.)

**II. DISCUSSION**

A. Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because 28 U.S.C. § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective." [1] See 28 U.S.C. § 2255(e). Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him,

---

[1] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

3

>           or that such court has denied him relief,
>           unless it also appears that the remedy by
>           motion is inadequate or ineffective to test
>           the legality of his detention.

28 U.S.C. § 2255(e); see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Lequillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F. 3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade the statute of limitations under § 2255 or the successive petition bar. Id. at 539.

Here, Petitioner's claims are within the scope of claims cognizable under § 2255, and thus he may not seek relief under § 2241 unless the remedy under § 2255 is inadequate or ineffective. Section 2255 is not inadequate or ineffective for Petitioner's claims, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his conviction, the

4

conduct for which he was convicted - conspiracy to distribute cocaine - is now non-criminal.  See Dorsainvil, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent") (quoting Davis v. United States, 417 U.S. 333, 346 (1974)); Okereke v. United States, 307 F.3d 117 (3d Cir. 2002).  Because § 2255 is not an inadequate or ineffective remedy for Petitioner's claims, this Court lacks jurisdiction to entertain his challenges to his conviction and sentence under § 2241 and will dismiss the Petition for lack of jurisdiction.

### III.   CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.

  /s/ Noel L. Hillman  
**NOEL L. HILLMAN, U.S.D.J.**

Dated:    June 15, 2012

At Camden, New Jersey